IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § | CASE NO. 1:22-CR-00267 |
| VICTOR GUILLERMO LIRA-AVALOS | § § § | |

### DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

NOW COMES Defendant, Mr. Lira-Avalos, and respectfully file his Sentencing Memorandum and Motion for Downward Variance and shows unto the Court as follows:

### I. BACKGROUND

This case arises from a traffic stop over expired license plates that occurred on March 17, 2022. Upon traffic stop a search of Lira-Avalos vehicle led to the discovery of a rifle box. The rifle box contained a Smith and Wesson rifle, model M& P 10, caliber .308 (serial number (S/N) – KN67804) and 15 rounds of .308 caliber ammunition. According to the ATF case agent, two (2) large capacity magazines (30 round capacity) were found next to the rifle. Mr. Lira-Avalos was instructed to take his vehicle to DPS station in Raymondville for further inspection.

A subsequent search of Lira-Avalos' vehicle at the station revealed a Glock pistol, model 42, caliber .380, SN ABMK027, and nine (9) rounds of .380 caliber ammunition stored inside a gun box. An additional 39 rounds of 7.62x51 caliber ammunition was also found.

Mr. Lira **has been in custody 168 days** as of August 31, 2022.

Mr. Lira-Avalos entered a plea of guilty to Count 1 the indictment, which charged him with: Unlawful Alien in Possession of Firearm, in violation of 18 U.S.C. §§ 922(g)(5)(B) and 924(a)(2), a Class C felony. Ten (10) years imprisonment and/or a $250,000.00 fine, a

1

supervised release term of three (3) years, and a $100.00 special assessment. The advisory guideline range recommended by the PSR is 6 to 12 months, based on an offense level of 10 and a criminal history score of 0. The government's recommendation is 6 months.

Mr. Lira-Avalos understands that he has committed a serious crime. He takes complete responsibility for his conduct. The Defendant has not objected to his PSR, however, he requests a downward variance to an offense level of 8, resulting in an advisory guideline range of 0 to 6 months and that he be sentenced to the lower end of said range.

## II. ARGUMENT

As noted in the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), courts are to consider not only the recommended guideline range, but also the sentencing factors under 18 U.S.C. § 3553(a), in determining the appropriate sentence. The overriding principle and basic mandate of Section 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in Section 3553(a)(2): retribution (to reflect the seriousness of the offense, to promote respect for the law, and to provide "just punishment"), deterrence, incapacitation ("to protect the public from further crimes"), and rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"). The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision." This requirement is not just another factor to be considered along with the others set forth in Section 3553(a) — it sets an independent limit on the sentence.

In determining the sentence sufficient but not greater than necessary to comply with the § 3553(a)(2) purposes of sentencing, the court must consider several factors listed in § 3553(a).

These are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentence available; (3) the guidelines and policy statements issued by the Sentencing Commission, including the advisory guideline range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide restitution where applicable. 18 U.S.C. § 3553(a)(3), (a)(5)-(7). Neither the statute itself nor *United States v. Booker* suggests that any one of these factors is to be given greater weight than any other factor.

## II.  FACTORS

Mr. Lira-Avalos' entire background including his criminal history, age, education, employment history, family ties reveals Mr. Lira-Avalos to be a good son, a loving father to his child, and working member of his community.

### A. Lack of Prior Criminal History

The Presentence Report confirms that Defendant is a young 32 year old with no prior criminal history, and steadily employed since leaving high school. Defendant submits that a sentence of 6 months or more, even taking into account the gravity of the offense, is not reasonable given Defendant's age and lack of criminal history.

### B.  Strong family connections

Mr. Lira-Avalos family and friends respectfully request that this court consider their pleas for sentencing at the requested lower offense level. Mr. Lira-Avalos circle of family and friends will attest to his character.  Mr. Lira-Avalos is held in high esteem by his family and peers.  Letters of support from the following are attached hereto:

      Exhibit 1:      Statement from Nahomy Jazmin Olguin Alonso – Wife

      Exhibit 2:      Statement from Jose de Jesus Gomez Vizuet – Business friend

      Exhibit 3:      Statement from Omar Andres Gomez Vizuet – Business friend

Exhibit 4:    Statement from Roberto Calles Badillo – Business friend

**C.    A Sentence of 4 Months Would Promote Respect for the Law, Provide a Just Punishment and Afford Adequate Deterrence.**

Section 3553(a) also provides that courts should strive to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, provides a just punishment, affords adequate deterrence, protects the public, and allows for rehabilitation. A sentence of 4 months would be more than sufficient to accomplish those goals in this case.

In addition, given that Mr. Lira-Avalos has never before having been incarcerated, a sentence of 4 months would serve as a significant punishment.  Such a sentence would take into account the gravity of Mr. Lira-Avalos conduct and would amount to the most serious sentence that Mr. Lira-Avalos has ever received. In sum, such a sentence would more than adequately serve the needs outlined in § 3553(a)(2), and thereby satisfy the "parsimony provision" of that section.

WHEREFORE, the Defendant Lira-Avalos prays that this Honorable Court grant his motion for a downward variance, and that he be sentenced to 4 months.

Respectfully submitted,

LAW OFFICE OF EDDIE LUCIO

/s/ *Eddie Lucio*
Eddie Lucio
Federal ID No. 22009
State Bar No. 00791145
834 E Tyler St.
Brownsville, Texas 78520
Office:(956) 546-9400
Facsimile (956) 750-8807
elucio@luciolaw.com
**Attorney for Victor Guillermo Lira-Avalos**

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August 2022, a true and correct copy of the foregoing Defendant's Sentencing Memorandum and Motion For Downward Variance was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties.

*/s/ Eddie Lucio*
Eddie Lucio.